UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ACOSTA, ET AL.                                                CIVIL ACTION

v.                                                            NO. 20-2323

DENKA PERFORMANCE ELASTOMER LLC, ET AL.                       SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand this action to state court. For the reasons that follow, the motion is DENIED.

**Background**

The plaintiffs in this environmental tort action allege that the production of neoprene at the Pontchartrain Works Facility in St. John the Baptist Parish negligently produces elevated levels of chloroprene, which in turn causes the plaintiffs a variety of maladies, including an increased risk of cancer. The defendants - the business entities responsible for operating the plant at issue and the state administrative agencies charged with regulating them - removed the action to this Court, and the plaintiffs now urge the Court to remand it for lack of federal subject matter jurisdiction.

1

Repackaged allegations and new plaintiffs notwithstanding, this case bears unmistakable similarity to the "Butler" action this Court previously dismissed for failure to state a claim. See Butler v. Denka Performance Elastomer LLC, 2019 WL 1160814 (E.D. La. Mar. 13, 2019).* Whatever the preclusive implications of that dismissal, the Court's present task is limited to evaluating the narrow issue presented by the plaintiffs' motion: whether the Court possesses subject matter jurisdiction to decide this case at all.

As explained below, the focal point in the Court's analysis of that question is the impropriety of the plaintiffs' joinder of the Louisiana Department of Health and the Louisiana Department of Environmental Quality as defendants. Because "a state is not a citizen for purposes of diversity jurisdiction," "there can be no federal jurisdiction on the basis of diversity of citizenship" in an action that properly includes a state – or state agency – as a party. See Tex. Dep't of Housing & Community Affairs v. Verex Assurance, Inc., 68 F.3d 922, 926 (5th Cir. 1995). However, for largely the same reasons provided in the aforementioned "Butler" decision, the plaintiffs' joinder of arms of the state of Louisiana was indeed "improper" under binding precedent, and accordingly

---

* Indeed, that case and this case were filed by the same plaintiffs' counsel and feature a substantial degree of overlap.

2

does not preclude the Court's exercise of diversity jurisdiction in this case.

I.

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Because the plaintiffs do not challenge the procedural propriety of the defendants' removal, their motion turns entirely on one dispositive issue: whether "federal jurisdiction exists" over the plaintiffs' action. See id. On that decisive question, the parties disagree.

The defendants assert that federal diversity jurisdiction applies under 28 U.S.C. § 1332(a), and the Court now proceeds to consider whether they have met their burden in demonstrating as much.

A.

28 U.S.C. § 1332(a) sets forth the basic parameters of federal diversity jurisdiction. As relevant here, it vests the federal district courts with original jurisdiction over civil actions "between citizens of different states" involving an amount in controversy of more than $75,000. See § 1332(a)(1). That is the layman's version.

The lawyer's version is of course more complex. Two doctrines in the advanced version have specific application here: the "complete diversity rule," which confines federal diversity jurisdiction to cases where all plaintiffs are diverse from all defendants, and the "forum-defendant rule" of 28 U.S.C. § 1441(b)(2), which bars the removal of "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction]" where any of the "properly joined . . . defendants is a citizen of the State in which such action is brought." See, e.g., Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship [only] if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

Another doctrine has yet further application here: the improper joinder rule. In observance of § 1441(b)(2) – and to curb jurisdictional gamesmanship – that rule provides that "defendants [that] were improperly joined . . . should be disregarded in determining whether there is complete diversity of citizenship." Guillory v. PPG Indus., Inc., 434 F.3d 303, 313 (5th Cir. 2005). As the Fifth Circuit has explained, "a nondiverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief may be

4

granted." Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., 818 F.3d 193, 202 (5th Cir. 2016).  To determine whether a plaintiff has failed to state a claim against a defendant for purposes of this inquiry, a "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

B.

Notwithstanding the plaintiffs' inapposite arguments to the contrary (addressed *infra* Part II), in light of the clear-cut law detailed above, the Court's jurisdictional inquiry at this stage is essentially fourfold.

As an initial matter, the Court must determine whether the plaintiffs' joinder of the Louisiana Department of Health and the Louisiana Department of Environmental Quality was "improper."  If not, the Court's analysis ends then and there.  If so, the Court may proceed to a more traditional diversity-jurisdiction analysis. That analysis requires the Court to make three more inquiries:

- First, does the amount in controversy exceed $75,000 per plaintiff?  See, e.g., Mississippi *ex rel*. Hood v. AU Optronics Corp., 571 U.S. 161, 165 (2014) ("§ 1332(a) . . .

5

requires each plaintiff's claim to exceed the sum or value of $75,000.").

- Second, disregarding improperly joined defendants, are all plaintiffs diverse from all defendants? See Lincoln Prop., 546 U.S. at 84; Guillory, 434 F.3d at 313.

- And third, disregarding improperly joined defendants, are none of the defendants citizens of the forum state of Louisiana? See Lincoln Prop., 546 U.S. at 84; Guillory, 434 F.3d at 313.

Because the answer to all three of these questions is yes, the defendants have successfully availed themselves of this Court's diversity jurisdiction, and the plaintiffs' motion to remand must accordingly be denied.

The Court expands on each of these findings below.

**1. The Plaintiffs Improperly Joined the State Defendants**

In the largely identical "Butler" action, a group of similarly situated plaintiffs (also represented by plaintiffs' counsel here) brought substantially indistinguishable tort claims against substantially the same defendants, including the state agencies presently at issue (the Louisiana Departments of Health and Environmental Quality). On March 13, 2019, this Court dismissed

those claims for failure to state a plausible claim for relief under Rule 12(b)(6).  See Butler, 2019 WL 1160814.

In the present motion, the plaintiffs simply (and tellingly) provide little to no reason for doubting the Court's findings there.†  Therefore, as in Butler, the plaintiffs fail to state a plausible claim for relief against either state defendant, and as a result, their joinder of both state defendants is "improper" under the binding law of this circuit.  For that reason, the plaintiffs' joinder of the state defendants must be disregarded for purposes of the Court's jurisdictional analysis.  Guillory, 434 F.3d at 313.

**2. Disregarding the Improperly Joined Defendants, Diversity Jurisdiction Exists over the Plaintiffs' Action**

Considering only the plaintiffs and the three properly joined defendants – E.I. DuPont de Nemours & Co. (DuPont), DuPont Performance Elastomers, LLC, and Denka Performance Elastomer, LLC – the remaining analysis is straightforward.

---

† Observing that the redline attached as Exhibit 1 to DuPont's opposition confirms that the plaintiffs' complaint in *this* action breaks little new ground, the Court incorporates by reference the "Rule 12(b)(6)-type analysis" it performed in Butler.  See Smallwood, 385 F.3d at 573.  Here still, as there, the plaintiffs' decision to "seek damages from the State for exposure to emissions from a private defendant's manufacturing facility ventures into absurdity."  Butler, 2019 WL 1160814, at *6.

7

a.     The Amount in Controversy Exceeds $75,000 per Plaintiff

The removing defendants have demonstrated a strong likelihood that the plaintiffs' claims exceed $75,000 in value. In addition to alleging that they have already suffered a wide range of potentially severe physical and emotional effects (including a heightened risk of *cancer*), the plaintiffs also seek the Court's permanent enjoinment of the defendants' "unreasonably dangerous emissions." Accordingly, when taken as a whole, it is "facially apparent" that the value of the plaintiffs' claims exceeds $75,000 per plaintiff. See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

As a result, because the defendants have shown "that the amount in controversy exceeds the jurisdictional amount, [their] removal is proper," as the plaintiffs have not "shown that it is legally certain that [their] recovery will *not* exceed the [required amount]." See De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 2005) (emphasis added).

b.     Complete Diversity Exists Among the Properly Joined Parties

Taking as true the plaintiffs' allegations that they are each citizens of Louisiana, the Court may not decline diversity jurisdiction on grounds of incomplete diversity unless at least one of the three properly named defendants is also a citizen of

8

Louisiana. As such, the Court must determine the citizenship of each properly joined defendant.

**E.I. DuPont de Nemours & Company:** DuPont is a Delaware corporation which famously maintains its corporate headquarters in Delaware.[‡] Accordingly, DuPont is a citizen of one state: Delaware. That is not disputed.

**DuPont Performance Elastomers, LLC & Denka Performance Elastomer LLC:** The remaining defendants are limited liability companies. As the Fifth Circuit has stated, "the citizenship of a LLC [sic] is determined by the citizenship of all of its members." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). As a consequence, a limited liability company is a citizen of every state in which its members are citizens.

Here, the plaintiffs do not – and, in fact, cannot – contest that DuPont Performance Elastomers is a wholly owned subsidiary of DuPont. As such, because its sole member is a citizen of Delaware, DuPont Performance Elastomer is too a citizen of Delaware.

Likewise, the plaintiffs cannot reasonably dispute the defendants' claim that Denka is a citizen of Japan and Delaware, because its two members are Denka USA LLC (a limited liability

---

[‡]   See CONTACT DUPONT, investors.dupont.com/contact/default.aspx.

9

company whose lone member is a corporate citizen of Japan) and Diana Elastomers, Inc. (a Delaware corporation which also maintains its corporate "nerve center" in Delaware).

Accordingly, complete diversity exists among the plaintiffs and the properly joined defendants.

c.  <u>No Remaining Defendants Are Citizens of the Forum State</u>

For the foregoing reasons, neither DuPont, Dupont Performance Elastomers, nor Denka Performance Elastomer are citizens of the forum state of Louisiana.  Consequently, the defendants' removal of this action from Louisiana state court to Louisiana-based federal court is not barred by the forum-defendant rule of § 1441(b)(2).

II.

The plaintiffs' constitutional arguments for a lack of subject matter jurisdiction are inapposite and unavailing.

In their motion, the plaintiffs first assert that the Court's "constitutional basis" for claiming jurisdiction is "blatant[ly] lack[ing]."  <u>See</u> <u>Mot.</u> at 3-9.  This plainly incorrect statement betrays a fundamental misunderstanding of the nature of Article III and federal jurisdiction.  Indeed, while it is true that the Constitution is the ultimate source of all federal judicial power,

Article III, Section 2 affirmatively extends the judicial power "to controversies . . . between citizens of different states." Moreover, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." Bowles v. Russell, 551 U.S. 205, 212 (2007). By enacting 28 U.S.C. § 1332(a), Congress decided, "[w]ithin constitutional bounds," that the federal district courts shall possess original jurisdiction over cases just like this one. Decades of binding caselaw confirms as much.

The plaintiffs' Eleventh Amendment arguments are similarly misguided. Indeed, even if the plaintiffs were barred from suing arms of their own state government in federal court by the Eleventh Amendment and its attendant doctrines of state sovereign immunity, the plaintiffs' ability to bring federal suit against *improperly joined* defendants has no logical bearing on the jurisdictional issues here.

*   *   *

The plaintiffs' motion challenges the defendants' removal of an action that pits twenty-three natural citizens of Louisiana against three corporate citizens of Japan and Delaware, and two administrative agencies of Louisiana. Because the defendants are correct that the state-agency defendants were improperly joined

11

perhaps to artificially forestall this Court's jurisdiction over a case that is strikingly similar to a case this Court previously dismissed with prejudice, those agencies must be disregarded for purposes of the narrow jurisdictional inquiry necessitated by this motion.

The removing defendants have persuasively met their burden of demonstrating a sound basis for the Court's exercise of their asserted ground for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332(a).

Accordingly, IT IS ORDERED: that the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, November 19, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE