UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DAVID W ACOSTA, ET AL.                                CIVIL ACTION

v.                                                   NO. 20-2323

DENKA PERFORMANCE ELASTOMER LLC, ET AL.              SECTION "F"

ORDER AND REASONS

Before the Court are the defendants' motions to dismiss. For the reasons that follow, the motions are GRANTED.

**Background**

In this toxic tort case, it's déjà vu all over again. Indeed, as in the "Butler" action previously dismissed by this Court,[1] the plaintiffs here allege that the defendants' production of neoprene at the Pontchartrain Works Facility in St. John the Baptist Parish negligently produces elevated levels of chloroprene, a chemical alleged to cause the neighboring plaintiffs a variety of medical problems and risks. See Acosta v. Denka Performance Elastomer LLC, 2020 WL 6797251, at *1 (E.D. La. Nov. 19, 2020) ("Repackaged allegations and new plaintiffs notwithstanding, this case bears

---

[1] See Butler v. Denka Performance Elastomer, LLC, 2020 WL 2747276 (E.D. La. May 27, 2020); Butler v. Denka Performance Elastomer LLC, 2019 WL 1160814 (E.D. La. Mar. 13, 2019).

1

unmistakable similarity to the 'Butler' action this Court previously dismissed for failure to state a claim.").

Noting the substantial overlap between the allegations there and the allegations here, the defendants – the business entities responsible for operating the plant – move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

As detailed below, the defendants are correct that the plaintiffs' complaint here is largely identical to the complaint dismissed in Butler, and for largely the same reasons provided there, the plaintiffs' claims here must too be dismissed for failure to state a plausible claim for relief.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To demonstrate a facially plausible basis for relief, a plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a plaintiff has

met this burden, a court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff," but must not accord an assumption of truth to conclusory allegations and threadbare assertions. Thompson v. City of Waco, 764 F.3d 500, 502 (5th Cir. 2014).

The foregoing presumptions are not to be applied mindlessly, however. Thus, in considering a motion to dismiss, the Court may review any documents attached to or incorporated into the plaintiff's complaint by reference. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). In addition, the Court may judicially notice matters of public record and other facts not subject to reasonable dispute. See United States *ex rel.* Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

## II.

The allegations dismissed in Butler and those recast against the defendants here bear an overwhelming similarity. See Denka Mot., Exs. 1, 2 (charts of equivalent claims and allegations); see also Acosta, 2020 WL 6797251, at *3 n.2 (observing similarity). Tellingly, plaintiffs' counsel, who was also plaintiff's counsel in Butler, initiated this litigation by filing an *identical* petition in Louisiana state court less than two months after his client's loss in Butler. See DuPont Mot. at 2 ("On July 20, 2020, less than two months after this Court entered judgment in the

3

related Butler matter, Butler's counsel filed this action in the 40th Judicial District Court, St. John the Baptist Parish, Louisiana. The original Acosta petition, brought on behalf of 23 individuals, was identical to the proposed first amended petition that this Court previously rejected in Butler. Ten days after filing, Plaintiffs filed a First Amended Petition that" merely essentially maintained "the substance of the original claims" (citation omitted) (footnotes omitted)).

As the Supreme Court has observed, courts reviewing a 12(b)(6) motion to dismiss may freely consider not only "the complaint in its entirety," but also "documents incorporated into the complaint by reference, *and matters of which a court may take judicial notice*." Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007) (emphasis added). The Court may take judicial notice of matters of public record and other facts not subject to reasonable dispute. Willard, 336 F.3d at 379. And the Court specifically "may take judicial notice of the record in prior related proceedings." *In re* Missionary Baptist Found. of Am., Inc., 712 F.2d 206, 211 (5th Cir. 1983), *superseded on other grounds by statute.*

In Butler, this Court held that a similarly situated plaintiff failed to state a plausible claim against these same defendants for their allegedly negligent operations at the same facility at issue here. There, as here, it was "not the quantity of

4

allegations that [was] lacking," but "the factual *quality*." See Butler, 2020 WL 2747276, at *16 (emphasis added). Turning a blind eye to that fact in their oppositions to the present motions, the plaintiffs devote just *one* of forty-four pages of argument to distinguishing their present claims from those that the Court dismissed over the course of multiple motions and opinions spanning more than a year in Butler.

While that curious decision could well be fatal to the plaintiffs here, the Court is nonetheless obliged to address the claims of *these* plaintiffs, who themselves had nothing to do with the Butler case. Even so, the plaintiffs' claims here are ultimately marred by the same fatal deficiencies as the plaintiff's claims in Butler: namely, a failure to state timely claims against the DuPont defendants, and a failure to allege a plausible causal link between the actions of Denka and any concrete injuries befalling the plaintiffs.

With the foregoing preliminaries in place, the Court evaluates both motions to dismiss in turn.

### A. DuPont Motion to Dismiss

The DuPont defendants – E.I. DuPont de Nemours and Company and Dupont Performance Elastomers, LLC – filed a 12(b)(6) motion to dismiss on December 18, 2020. They argue that the plaintiffs' claims are prescribed because DuPont sold the factory at issue in

5

2015, years before the plaintiffs first brought this action in state court. They are correct.

"Under Louisiana Civil Code article 3492, '[d]elictual actions are subject to a liberative prescription of one year. This prescription [commences to run] from the day injury or damage is sustained." Butler, 2019 WL 1160814, at *3 (first alteration in original) (quoting LA. CIV. CODE ANN. art. 3492). In the operative petition, the plaintiffs allege that the DuPont defendants caused them "to sustain ongoing and successive actual damages for *many years continuously up to the present*." See First Am. Pet. ¶ 111 (emphasis added). Taken as true, this allegation confirms that the plaintiffs' claims against DuPont are clearly time barred. Indeed, it is clear from the face of the operative petition that the plaintiffs "obtain[ed] 'actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort" well in advance of one year before their filing of the instant action. See Babineaux v. State *ex rel*. Dep't of Transp. & Dev., 927 So. 2d 1121, 1123 (La. Ct. App. 1st Cir. 2005) (quoting Bailey v. Khoury, 891 So. 2d 1268, 1284 (La. 2005)).

The plaintiffs do not realistically contest this fact, but instead argue that their claims are saved by Louisiana's continuing tort doctrine and/or *contra non valentem* doctrine. Not so.

As the plaintiffs note, under Louisiana's "continuing tort doctrine, a prescriptive period cannot begin to run as long as the

6

operative-tortious-behavior continues, and this behavior continues to cause damage." See Opp'n to DuPont Mot. at 10 (emphasis omitted). This is a fair characterization of a rule that nonetheless does not apply to DuPont's alleged actions in this case. Indeed, in their original petition, the plaintiffs themselves alleged that DuPont sold the factory at issue in 2015. Such a sale would clearly sever any legally cognizable tie between DuPont's operation of the plant and any "continuing" harm to the plaintiffs. However, in an apparent attempt to evade such a finding, the plaintiffs subsequently amended their complaint to eliminate any references to a sale they had already alleged to have occurred.[2] DuPont is correct that the plaintiffs "cannot avoid prescription by haphazardly [and strategically] deleting references to facts they find inconvenient." See DuPont Reply at 3–4. As such, the Court takes judicial notice of a fact well-known to all parties involved: namely, that DuPont's sale in 2015,

---

[2]   Judicial estoppel aside, the plaintiffs' denial of "*ever*" alleging "that DuPont passed its ownership in any PWF property to Denka or anyone" is misleading. See Opp'n to DuPont Mot. at 3. Compare id. ("The Petition contains **no** allegations that Dupont passed its ownership in any PWF property to Denka or anyone, ever."), with Opp'n to Denka Mot. at 2 (referring to DuPont as "the company *who sold Denka the neoprene manufacturing business and the defective PWF units subject to the Petition*, while maintaining ownership, custody, and control [sic] PWF building and underlying land" (emphasis added)). So, the plaintiffs note, DuPont may have sold "the defective PWF units *subject to the Petition*," but it never "passed its ownership in any PWF *property*." A delicate needle to thread.

7

whatever its precise nature, ended DuPont's ability to commit negligent acts or omissions in relation to *Denka*'s production of neoprene at the Pontchartrain Works Facility.

Similarly, as the Court found in Butler, the doctrine of *contra non valentem* fails to save the plaintiffs' time-barred claims as well. "*Contra non valentem* is 'an equitable doctrine that tolls prescription for as long as 'a plaintiff acts reasonably to discover the cause of a problem.'" Butler, 2019 WL 1160814, at *4 (quoting Jenkins v. Bristol-Myers Squibb Co., 689 F. App'x 793, 796 (5th Cir. 2017) (per curiam)). The plaintiffs argue that they did not possess actual knowledge of the grounds for their claims until less than a year before filing this suit, but a plaintiff need only have "constructive knowledge" of a basis for plausible legal claims to extinguish the equitable tolling afforded by the doctrine. See, e.g., Tenorio v. Exxon Mobil Corp., 170 So. 3d 269, 274 (La. Ct. App. 5th Cir. 2015).

The Louisiana Supreme Court has defined "constructive knowledge" as "whatever notice is enough to excite attention and put the injured party on guard and call for inquiry." Campo v. Correa, 828 So. 2d 502, 510-11 (La. 2002). Medical diagnoses afford a plaintiff precisely such notice. See, e.g., Tenorio, 170 So. 3d at 275 (denying *contra non valentem* tolling to plaintiff whose throat cancer diagnosis "was constructive notice sufficient to put [him] on guard and to call him to inquire into the cause of

8

his condition"). Such is the case here as well. The plaintiffs cannot allege a laundry list of long-running chloroprene-related ailments on the one hand while disclaiming constructive notice and a corresponding duty to inquire on the other.

*Had* the plaintiffs performed such inquiries, abundant public information linking their alleged injuries to heightened chloroprene exposure would have been reasonably accessible to them. See, e.g., DuPont Reply at 8. For better or worse though, Louisiana law provides that their failure to do so within a year of the onset of the medical ailments they complain of compels dismissal of their claims as time barred. See, e.g., Tenorio, 170 So. 3d at 275; see also Butler, 2019 WL 1160814, at *4–6.

### B. Denka Motion to Dismiss

The last remaining defendant, Denka Performance Elastomer LLC, filed its own 12(b)(6) motion to dismiss on December 21, 2020. Unfortunately for the plaintiffs, their complaint contains the same factual imprecision that doomed the plaintiff's case in Butler. As the Court observed there,

> In exposure cases, ultimately the plaintiff will require scientific evidence to support the causation element of her claim. This goes for both specific and general causation. . . . In Allen v. Pennsylvania Engineering Corp., the Fifth Circuit noted that "[s]cientific knowledge of the harmful level of exposure, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case."

9

Butler, 2020 WL 2747276, at \*14 n.21 (quoting Allen v. Pa. Eng'g Corp., 102 F.3d 194, 199 (5th Cir. 1996)); see also id. at \*14 ("Abstract allegations that [the plaintiff] and others suffered at least one of many (common and transient) symptoms due to living, working, [and] attending school near the PWF during the past 9 years are merely threadbare 'impersonal injury' allegations. . . . Is it possible that the plaintiff suffered from headaches (or any number of a list of symptoms) attributable to chloroprene exposure based on the allegation in the complaint?  It is possible. . . . But something more than possibilities and speculation is required at the pleading stage.  Absent concrete factual allegations indicating that the plaintiff has been exposed to statistically significant or provably harmful quantities of chloroprene, then at best she alleges an unquantified, theoretical increased risk of injury or illness." (footnote omitted)).

Here, the plaintiffs' allegations as to the nature and extent of their supposed chloroprene exposure are perhaps even *less* precise and concrete than the plaintiff's allegations in Butler, which themselves fell short of the plaintiff's pleading burden. In addition to a steady dose of conclusory allegations concerning "*unreasonably dangerous* and *extremely harmful* concentrations of carcinogenic and toxic chloroprene," the plaintiffs double down on the Butler plaintiff's failed attempt to tie acceptable chloroprene emissions to statistical figures adopted by the EPA in

10

a 2011 "National Air Toxics Assessment" (NATA). See First Am. Pet. ¶¶ 43-52. That attempt was ill-fated in Butler and the same result holds here.

Indeed, as in Butler:

> So long as chloroprene emissions consistently exceed 0.2 µg/m$^3$, the plaintiff[s] seem[] to suggest, [Denka] breaches a duty of care that causes [them] injuries. But the plaintiff[s] fail[] to cloak [their] generic theory with facts that allow the Court to reasonably draw the inference that [Denka] is obliged to (and has failed to) keep emissions below the 0.2 µg/m$^3$ threshold . . . . Even the federal agency that announced this measure disclaims its regulatory or enforcement value: the EPA warns against using NATA results as an absolute risk measure, cautioning that "NATA is a screening tool, not a refined assessment. It shouldn't be used as the sole source of information to regulate sources or enforce existing air quality rules," and it "wasn't designed as a final means to pinpoint specific risk values at local levels." . . . Far from heeding these warnings, the plaintiff[s] anchor[ their] theory of recovery to this imprecise measure of "safety."

Butler, 2020 WL 2747276, at *11 (quoting EPA websites). The same overriding imprecision pervades the plaintiffs' complaint here as well, and the plaintiffs inexplicably decline to rebut this notion in their opposition to Denka's motion to dismiss.[3]

\* \* \*

---

[3] In reply, Denka asserts that the Court should accept as unopposed Denka's argument that this case is substantively identical to Butler. The Court need not and does not do so.

11

Before the ink was dry on his appeal[4] of this Court's dismissal of his client's case in Butler, plaintiffs' counsel – with a new set of similarly situated plaintiffs to represent – chose to return to Louisiana state court for another bite at the apple. In a possible attempt to "artificially forestall this Court's [removal] jurisdiction," the plaintiffs improperly joined two Louisiana state agencies. See Acosta, 2020 WL 6797251, at *4. Now, for the foregoing reasons and those described in previous iterations of this increasingly drawn out line of cases, the Court finds that the same timing and pleading deficiencies that compelled dismissal with prejudice in Butler require the same outcome here.

Accordingly, IT IS ORDERED: that the defendants' motions to dismiss are GRANTED. The plaintiffs' claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, February 10, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] See Butler v. Denka Performance Elastomer, LLC, No. 20-30365 (5th Cir.). Judges Haynes, Higginson, and Oldham held oral argument in Butler on January 7, 2021.