UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID W. ACOSTA, *et al.*                                        CIVIL ACTION

v.                                                                                 NO. 20-2323

DENKA PERFORMANCE ELASTOMER, LLC, ET AL.         SECTION F

ORDER AND REASONS

Before the Court is the DuPont defendants' motion for an indicative ruling under Federal Rule 62.1 and a motion to amend the judgment as per Rule 60(b). For the reasons that follow, the motion for an indicative ruling is GRANTED. If the Fifth Circuit sees fit to remand the case pending appeal, the Court will GRANT the Rule 60(b) motion for an amended judgment and amend its grant of defendants' motion to dismiss to include these alternative findings, as detailed herein.

**Background**

This environmental tort litigation arises from the production of neoprene at the Pontchartrain Works Facility ("PWF") in St. John the Baptist Parish. Neoprene production allegedly exposes those living in the vicinity of the PWF to concentrated levels of chloroprene well above the upper limit of acceptable risk and may result in a risk of cancer more than 800 times the national average.

In an Order and Reasons dated February 10, 2021, this Court dismissed the plaintiffs' claims with prejudice for many of the

1

same reasons it dismissed nearly identical claims (filed by the same plaintiff's counsel) in Butler v. Denka Performance Elastomer, LLC et al., No 18-6685, 2019 WL 1160814 (E.D. La. 2019). The dismissal in Butler was subsequently appealed to the Fifth Circuit, which affirmed in part and reversed in part. See Butler v. Denka Performance Elastomer, L.L.C., 16 F.4th 427, 432 (5 Cir. 2021). Upon remand, the DuPont defendants in Butler, advancing arguments affirmed by the Fifth Circuit as to another defendant, renewed their motion to dismiss and this Court granted it.

In this case, the plaintiffs appealed the Court's dismissal. That appeal has yet to be heard. In the interim, based on the Fifth Circuit's opinion in the related Butler matter, the DuPont defendants have moved for a Rule 60 amendment to the judgment on appeal, seeking to have this Court amend its dismissal to include two additional alternate bases for the dismissal. The Court now considers.

## Analysis

I. Rule 62.1 and Rule 60(b)

When a case is stayed pending appeal in a Circuit Court of Appeals, Federal Rule of Civil Procedure 62.1 provides that a District Court may, upon motion for relief under Rule 60, make an indicative ruling stating either that it would grant the motion if the Circuit remands for that purpose or that the motion raises a substantial issue. As the Fifth Circuit has detailed: "[a]

2

district court retains jurisdiction to consider and deny [Rule 60(b)] motions, and if it indicates that it will grant the motion, the appellant [may] then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion." Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc., 607 F.3d 1066, 1073-74 (5 Cir. 2010) (citations omitted). In this case, the DuPont defendants have filed a Rule 60(b) motion based either on Rule 60(b)(5), which allows for relief where "the judgment … is based on an earlier judgment that has been reversed or vacated" or on Rule 60(b)(6), which allows for relief for "any other reason that justifies relief."

In an opposition hardly long enough to get past preliminaries, plaintiffs' counsel suggests that this Court should decline to rule on this motion as the requirements of Rule 60 have not been met. He states that this Court's rulings on the motions to dismiss were not "based on an earlier judgment under the above-captioned case that has been reversed or vacated" as he purports Rule 60(b)(5) requires, and that Rule 60(b)(6)'s requirements have yet to be met "as the basis for relief raised by DuPont are those that it could have raised months ago." Neither of these assertions is availing. First, Rule 60(b)(5) does not require that the judgment be "under the above-captioned case." The judgments which DuPont seeks to have amended were based in part on this Court's judgments in the related Butler litigation, which was subsequently reversed

3

in part by the Fifth Circuit.[1]  Therefore, Rule 60(b)(5)'s requirements are met.[2]  Alternatively, the Court finds that there is sufficient reason to justify relief under Rule 60(b)(6) for the sake of judicial efficiency and that such relief is not time-barred.[3]

## II. Alternative Bases for Dismissal

Defendants seek to have the Court amend its judgment to include two alternative bases for dismissal: first, that the plaintiffs have failed to state a legally cognizable claim against DuPont, and second, that plaintiffs have failed to state a legally cognizable claim against the Louisiana Department of Health ("DOH").  Plaintiffs' counsel offers no substantive rebuttal.[4]

---

[1] Notably, plaintiffs' counsel's own words in his motion to remand at the Fifth Circuit contradict his position now.  There, he asserted, "all of the allegations and findings of prescription and [DOH's] improper joinder rely solely on a March 13, 2019 Butler decision on prescription that this Court reversed on October 15, 2021."

[2] See, e.g., Firefighters' Retirement Sys. v. Royal Bank of Scotland PLC, 2016 WL 7190566, at *3 (M.D. La. 2016) ("Because the Fifth Circuit clarified a fundamental element of in personam jurisdiction in a related case, … the Court … grants Plaintiffs' Motion for Rehearing under Federal Rule of Civil Procedure 60(b)(5)").

[3] Plaintiffs' contention that DuPont could have raised these issues months ago has no bearing on the Court's ability to consider a Rule 60(b) motion.  Rule 60(b) motions must only "be made within a reasonable time."  Given that this motion is based on the Fifth Circuit's decision in Butler, which was only issued in October, this motion was made within a reasonable time.

[4] Plaintiffs' counsel filed a just-over-one-page opposition denying that the Court has jurisdiction to consider this motion.  He declined to address any of DuPont's substantive positions.

DuPont seeks both amendments for additional reasons for dismissal under the Rule 12(b)(6) pleading standard. In short, in considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5 Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5 Cir. 2012) (en banc)). The Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Gonzalez v. Kay, 577 F.3d 600, 603 (5 Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

5

unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' ", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

### A. Failure to State a Claim Against DuPont

In initially dismissing this case, this Court relied primarily on a finding of prescription. With regard to the claims against DuPont, the Court based its dismissal solely on the idea that the claims were prescribed. The Court did likewise as to DuPont's claims in Butler, at least on first impression. The Fifth Circuit reversed that holding, but upheld reasoning dismissing claims against co-defendant Denka for failure to state a claim for negligence. It is that reasoning that DuPont now relies on to seek amendment in this case.

In a rambling, somewhat confusing complaint, the plaintiffs asserted a number of different claims against DuPont. Those claims include negligence, gross negligence, several torts, strict

6

liability, products liability, exemplary damages, civil battery, nuisance, trespass, conspiracy, and *res ipsa loquitur*. The Court finds that none of these claims have been adequately pled.

First, in order to maintain a claim for negligence, plaintiffs must demonstrate a legally cognizable claim. They have not done so. As the Fifth Circuit noted in affirming this Court's reasoning dismissing the claims against Denka in Butler, "Butler's retreat to generalized grievances is unavailing. While Louisiana law does impose a "universal duty" on defendants in a negligence action to use 'reasonable care,' … plaintiffs are still required to assert a 'specific standard' of care." Butler, 16 F.4th at 444–45. Without allegations suggesting the source of an enforceable duty, the plaintiff is unable to plead a plausible claim for negligence. Here, as there, the plaintiffs' petition identifies several government agencies, various statutes, and a non-regulatory "threshold" put out by the EPA in the month following DuPont's sale of the PWF facility. None of these are actionable specific standards of care. Therefore plaintiffs have failed to assert a viable claim for negligence against DuPont.

Claims for strict liability under Louisiana law are not precisely "strict." As the Fifth Circuit noted in Butler, "'Strict liability' is a misnomer … . [A] claim for 'strict' liability requires that a duty of care was breached, just as a negligence claim does." Butler, 16 F.4th at 443. Plaintiffs have identified

7

no legally cognizable duty of care. The claim for strict liability is therefore not viable.

*Res ipsa loquitur* is not a legally cognizable claim; it is an evidentiary doctrine rather than a cause of action. It cannot be a viable claim for which relief may be granted.

Plaintiffs assert a claim for "civil battery" against DuPont. Under Louisiana law, a tort claim for battery would require that DuPont "consciously desire[d] the physical result of [its] act, or kn[ew] that the result is substantially certain to follow from [its] conduct." Lawrence v. Sec. Prof'ls, 743 So.2d 247, 250 (La. App. 2 Cir. 1999) (citations omitted). Plaintiffs have shown no such thing, and so cannot maintain a claim for battery.

Nor can plaintiffs maintain a claim for nuisance against DuPont. The plaintiffs have not given any factual content to their nuisance claim. This Court cannot give relief based on "conclusory allegations" of damage. See Iqbal, 556 U.S. at 678.

Plaintiffs also bring a trespass claim against DuPont, asserting that their airborne emissions were and remain a trespass onto plaintiffs' property. However, plaintiffs have not shown any legal support or factual allegations suggesting that they might recover on a trespass theory for transient airborne emissions, and the Court does not believe that any such support exists. "In an action for trespass, ... the plaintiff [must] show damages based on the result or the consequences of an injury flowing from the

8

act of trespass." Harrington v. Abshire, 732 So.2d 677, 682 (La. App. 3 Cir. 1999). The plaintiffs fail to offer any legal support or factual allegations indicating that they might plausibly recover on a trespass theory having only alleged transient airborne emissions. There is no substantive allegation by the plaintiffs that their properties have been impacted by the chloroprene emissions. There does not appear to be a viable claim for trespass on these pleadings.

Plaintiffs also assert a claim for conspiracy against DuPont for conspiring to mislead the public by suppressing the truth about chloroprene. In Louisiana, however, a civil conspiracy claim requires a predicate act: "The actionable element in a claim under [the conspiracy article] is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part." Ross v. Conoco, Inc., 828 So. 2d 546, 552 (La. 2002) (citation omitted). As this Court finds that none of the plaintiffs' tort claims against DuPont are viable, no claim for conspiracy may stand.[5]

Plaintiffs also assert a claim for products liability against DuPont, but they make no claim that they were consumers of

---

[5] As DuPont points out, plaintiffs also provide no non-conclusory detail showing when or how DuPont reached an illegal agreement with the other members of the alleged conspiracy.

9

chloroprene or chloroprene-containing products. This claim is not viable.

Finally, plaintiffs assert a claim for exemplary damages under the now-repealed Article 2315.3. Such a claim can only be applied to conduct occurring between 1984 and 1996 and requires a showing of "wanton or reckless" conduct. Wanton or reckless conduct is "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Rivera v. United Gas Pipeline Co., 697 So. 2d 327, 334, (La. App. 5 Cir. 1997). Plaintiffs have made no such showing, instead relying on conclusory allegations.

In sum, while plaintiffs have asserted numerous claims against DuPont, none of them are legally viable. The Court, if given jurisdiction to do so, will amend its judgment to include this additional ground for dismissal of the DuPont defendants.

### B. Failure to State a Claim Against the DOH

The DuPont defendants also ask this Court to expressly hold that the DOH was improperly joined because plaintiffs have failed to allege a legally cognizable duty against the DOH. The Court agrees. As this Court noted in the near-identical Butler decision:

> DOH similarly contends that the plaintiff alleges no facts that would support a finding of a duty. The plaintiff invokes several Louisiana state statutes, which she alleges show that DOH had a duty to investigate and warn the public. But the Louisiana state statutes invoked by the plaintiff concern DOH's duty relating to sanitation matters, not air quality. DOH is responsible for state environmental quality functions

only as delegated to it by the legislature. The legislature has specifically delegated powers and duties with respect to air quality control to DEQ, not DOH. Thus, even in the absence of prescription, it seems no plausible tort claim has been stated against DOH. <u>Butler v. Denka Performance Elastomer LLC</u>, 2019 WL 1160814 at *6 n.7 (E.D. La. 2019).[6]

The Court finds that the same factors are in play in this case. As such, the Court finds that there can be no recovery against the DOH under Louisiana law and thus the DOH was improperly joined.

\* \* \*

Accordingly, IT IS ORDERED: that the defendant's motion for an indicative ruling is GRANTED. If given jurisdiction by remand from the Fifth Circuit, the Court will GRANT the Rule 60(b) motion for the reasons herein outlined.

New Orleans, Louisiana, December 22, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[6] The Fifth Circuit did not address this Court's footnote concerning the tort claim analysis in the <u>Butler</u> case. However, the Fifth did reverse this Court's holding that the claims against the DOH were prescribed.

11