UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID W. ACOSTA, *et al.*                                     CIVIL ACTION

VERSUS                                                        NO. 20-2323

DENKA PERFORMANCE                                             SECTION M (4)
ELASTOMER, LLC, *et al.*

## ORDER & REASONS

Before the Court are two motions to dismiss for failure to state a claim, one filed by defendants DuPont Performance Elastomers, LLC and E.I. DuPont de Nemours and Company (together, "DuPont")[1] and the other by defendant Denka Performance Elastomer LLC ("Denka").[2] Plaintiffs, 23 residents of St. John the Baptist Parish, Louisiana ("Plaintiffs"), oppose the motions.[3] Both DuPont and Denka reply in further support of their motions.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motions and dismissing Plaintiffs' claims with prejudice.

**I.    BACKGROUND**

This environmental tort litigation arises from the production of neoprene at the Pontchartrain Works Facility ("PWF") in St. John the Baptist Parish. Plaintiffs allege that neoprene production exposes persons living in the vicinity of the PWF to concentrated levels of chloroprene well above the upper limit of acceptable risk, potentially resulting in a risk of cancer more than 800 times the national average.

---

[1] R. Docs. 37 (original motion); 92 (supplemental memorandum).
[2] R. Docs. 40 (original motion); 93 (supplemental memorandum).
[3] R. Doc. 94.
[4] R. Docs. 98 and 100, respectively.

DuPont owned and operated the PWF from 1969 until 2015, when it sold the plant to Denka. Plaintiffs allege that the plant, for decades, has emitted into the air unsafe levels of chloroprene, exposing those who live, work, or attend school near the plant to harm. In this case, the 23 Plaintiffs, individuals who live in the vicinity of the PWF, bring an action seeking redress for one or more physical injuries they allege were caused by chloroprene exposure.

This case has had a long and tortured procedural history. In an Order & Reasons dated February 10, 2021, the late Judge Martin L.C. Feldman, to whom the case was then assigned, dismissed Plaintiffs' claims with prejudice for essentially the same reasons he had previously dismissed nearly identical claims involving chloroprene exposure from the PWF (filed by the same counsel) in *Butler v. Denka Performance Elastomer, LLC,* 2019 WL 1160814 (E.D. La. Mar. 13, 2019). The dismissal in *Butler* was subsequently appealed to the Fifth Circuit, which affirmed in part and reversed in part. *See Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 432 (5th Cir. 2021) (reversing the district court's holding that Butler's claims were prescribed, but upholding dismissal of her negligence and strict custodial liability claims against Denka and her custodial liability claims against DuPont).

In the captioned case, Plaintiffs appealed the district court's dismissal. While the appellate record was still developing, DuPont moved under Rule 60 of the Federal Rules of Civil Procedure for amendment of the judgment on appeal based on the Fifth Circuit's opinion in the substantially similar *Butler* matter, seeking to have Judge Feldman amend the judgment dismissing DuPont to include two additional, alternate bases for the dismissal. Judge Feldman promptly issued a Rule 62.1 indicative ruling in which he stated that he would, if given jurisdiction (of which he was then divested since the case was on appeal), grant DuPont's Rule 60 motion and amend his ruling.[5]

---

[5] R. Doc. 85.

2

Judge Feldman passed away before the Fifth considered his indicative ruling.  The case was then transferred to this section of court.⁶  Thereafter, the Fifth Circuit issued its ruling in the appeal, affirming in part and vacating in part Judge Feldman's February 10, 2021 order.  *See Acosta v. Denka Performance Elastomer, LLC*, 2022 WL 1091534 (5th Cir. Apr. 12, 2022) (affirming diversity jurisdiction but vacating the district court's dismissal of certain claims and remanding for consideration of the intervening decision in *Butler*).  The Fifth Circuit instructed this Court to "determine, in the first instance, the effect of *Butler* on the present case." *Id.* at *1.

Pursuant to this instruction and after discussing the status of the case with the parties, the Court ordered supplemental briefing on the reopened motions to dismiss, asking the parties to address the motions in light of the Fifth Circuit's decision in *Butler*.⁷  The parties have now submitted their supplemental briefs.

**II.     PENDING MOTION**

Only three claims in this case survive following the Fifth Circuit's decision: "negligence in violation of Louisiana Civil Code Articles 2315 and 2316; custodial liability in violation of Louisiana Civil Code Articles 2317 and 2317.1; and injunctive relief." *Acosta*, 2022 WL 1091534 at *4 n.3.  On remand, DuPont asserts that "[a]ll of Plaintiffs' surviving claims against DuPont can be dismissed for the same reason already articulated by the Fifth Circuit's binding *Butler* opinion and echoed by Judge Feldman both in his order following remand in *Butler* and in his indicative order in this case: namely, that Louisiana negligence law requires plaintiffs to assert a 'specific standard' of care, and Plaintiffs … have failed to do so."⁸  DuPont submits that, even now, Plaintiffs fail to plead the legally required "specific standard" of care to demonstrate that DuPont

---

⁶ R. Doc. 89.
⁷ R. Doc. 91.
⁸ R. Doc. 92 at 10 (footnotes omitted).

owed them a duty under a negligence analysis.⁹  Nor, DuPont contends, do Plaintiffs "plausibly allege causation," as they "never tie th[e] exposure level [they invoke] to any of the physical injuries alleged in this case."¹⁰  DuPont contends that Plaintiffs' strict liability claims fail for the same reason, and likewise fail because (1) DuPont sold the factory in 2015, (2) Plaintiffs do not plead other essential elements of such a claim, and (3) Plaintiffs again do not plead causation.¹¹

Denka likewise argues that "[i]n light of the Fifth Circuit's decision in *Butler v. Denka Performance, L.L.C.*, this Court should reach the same conclusion as Judge Feldman and dismiss Plaintiffs' remaining claims against [Denka] with prejudice."¹²  It submits that, because the allegations in this case are almost identical to those filed in *Butler*, application of the Fifth Circuit's decision in *Butler* to these facts ought to result in dismissal.¹³  Denka cites *Butler*, and a decision from another section of this court applying *Butler*, for the proposition that Plaintiffs' failure "to adequately allege that [Denka] owed them a duty under Louisiana law and that it breached a duty" should lead to dismissal here.¹⁴  Denka states that Plaintiffs do not, and cannot, allege any specific duty.  Denka also says that, in the alternative, the Court should dismiss the case because Plaintiffs do not plead causation and they fail to plead adequate facts to support injunctive relief.¹⁵

In opposition, Plaintiffs contend that the *Butler* decision is inapplicable because this case involves distinct causes of action not considered by the appellate court in *Butler*.¹⁶  Plaintiffs also assert that they need not demonstrate any duty whatsoever in order to maintain their claims under the relevant strict liability statute as they are asserting claims under the pre-1996 law.¹⁷  And,

---

⁹ *Id.* at 10-15.
¹⁰ *Id.* at 16.
¹¹ *Id.* at 16-22.
¹² R. Doc. 93 at 2 (footnote omitted).
¹³ *Id.* at 4.
¹⁴ *Id.* at 9.
¹⁵ *Id.* at 11-16.
¹⁶ R. Doc. 94 at 2-3.
¹⁷ *Id.* at 3-9.

finally, Plaintiffs submit that the *Butler* decision does not apply here because they do not attempt to use the same exposure threshold as a legal duty that was relied on in *Butler*.[18]

In reply, both DuPont and Denka argue that Plaintiffs still fail to identify a cognizable legal duty upon which a negligence claim can rest.[19] DuPont also notes that Plaintiffs fail to address a substantial number of arguments made by DuPont in its supporting memorandum.[20] Finally, DuPont submits that, as a matter of law, Plaintiffs are incorrect and do, in fact, need to provide a legal duty even for pre-1996 strict liability claims.[21] Denka contends that, in addition to the arguments advanced by DuPont, Plaintiffs' suggestion that their allegations in this case are distinct from those advanced in *Butler* is factually incorrect.[22]

### III. LAW & ANALYSIS

#### A. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed

---

[18] *Id.* at 11.
[19] R. Docs. 98 at 1-3; 100 at 1-3.
[20] R. Doc. 98 at 3, 7.
[21] *Id.* at 5.
[22] R. Doc. 100 at 3.

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, courts must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff." *See Thompson v. City of Waco, Texas*, 764 F.3d 500, 502 (5th Cir. 2014). But, in deciding whether dismissal is warranted, courts will not accept conclusory allegations in the complaint as true. *Id.* at 502-03 (citing *Iqbal*, 556 U.S. at 678).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (alteration and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief [thus] requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, quotation, and citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). If a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *see also* Fed. R. Civ. P. 12(d).

### B. Import of the *Butler* Decision

To "determine, in the first instance, the effect of *Butler* on the present case," *Acosta*, 2022 WL 1091534 at *1, the Court begins by laying out the relevant details of the *Butler* opinion. In *Butler*, the Fifth Circuit affirmed in part and reversed in part an order of dismissal issued in a case involving the same defendants, the same facility, the same injuries, and the same plaintiffs' attorney as this case. Stating that "[d]uty is the 'threshold issue'" in any Louisiana negligence claim, the Fifth Circuit focused its attention on whether the plaintiff, Butler, had "adequately allege[d] a duty owed by Denka." *Butler*, 16 F.4th at 443, 444 (quoting *Lemann v. Essen Lane Daiquiris, Inc.,* 923 So. 2d 627, 633 (La. 2006)). The Fifth Circuit also observed that "'[s]trict liability' is a misnomer … because Article 2317.1's knowledge requirement 'effectively eliminated strict liability … turning it into a negligence claim.' Accordingly, a claim for 'strict' liability requires that a duty of care was breached, just as a negligence claim does." *Id.* at 443 (citations omitted). "Here," continued the Fifth Circuit, "Butler fails to adequately allege a duty

7

owed by Denka, and consequently whether Denka breached such a duty.  Thus, both the negligence and strict liability claims fail to state a plausible claim." *Id.* at 444.  Butler "disclaim[ed] any reliance on the EPA's stated risk threshold" on appeal, instead asserting "that Denka violated Louisiana's general duty 'to use reasonable care to avoid injury to another.'" *Id.* (quoting *Rando v. Anco Insulations, Inc.,* 16 So. 3d 1065, 1086 (La. 2009)).  The Fifth Circuit determined this was inadequate: "Butler's retreat to generalized grievances is unavailing.  While Louisiana law does impose a 'universal duty' on defendants in a negligence action to use 'reasonable care,' plaintiffs are still required to assert a 'specific standard' of care." *Id.* at 444-45 (first quoting *Rando,* 16 So. 3d at 1086, and then *Lemann,* 923 So. 2d at 633).  As Butler could point to no such standard, the Fifth Circuit affirmed the dismissal of her claims.

### C. Negligence Claims

As in *Butler*, "duty is the threshold issue" in this case. *Id.* at 443.  In pleading their claims here, Plaintiffs make essentially no attempt to remedy the fatal flaw the Fifth Circuit clearly identified in *Butler*.  The 57-page complaint that forms the basis for this case (and which is, in large measure, all but identical to the complaint filed in *Butler*)[23] identifies no specific standard of care that DuPont and Denka are said to have breached.[24]  At various points, the complaint states that DuPont and Denka "owed duties to the Plaintiffs, which duties arose and arise by operation of Louisiana law, to conduct and manage their activities and operations at DuPont's PWF … in a reasonable manner,"[25] "were under a duty … to take reasonable steps to prevent the unreasonably dangerous risks of harm, damages, and injuries that were imposed upon the Plaintiffs,"[26] "had duties … to keep the PWF and the neoprene units in a reasonably safe condition to prevent or

---

[23] *See* R. Doc. 93 at 3-4 (comparing allegations paragraph-by-paragraph in the two cases).
[24] *See generally* R. Doc. 1-1 at 39-95.
[25] *Id.* at 63.
[26] *Id.* at 66.

8

avoid the creation of unreasonable danger and unreasonable risk of severe harm to the Plaintiffs,"[27] "owed duties to the Plaintiffs … to manufacture … products at the PWF in such a manner as to prevent and avoid subjecting the Plaintiffs to unreasonably dangerous and harmful exposure to said products" and "to use reasonable care in providing adequate warning to the Plaintiffs,"[28] "had duties … to exercise reasonable care, prudence, skill, and diligence to: prevent … unreasonably dangerous emissions … ; prevent the exposure of the surrounding population to unreasonably dangerous levels of chloroprene … ; identify and remedy unreasonably dangerous … risks to the public … ; ensure that the PWF … complied with … DEQ permits … ; maintain reasonably safe operations … ; and implement reasonable systems … to protect the health of people living near the PWF,"[29] and "had a duty to use that property or make any work on it in such a manner as to not injure others."[30]

In none of these many allegations of duty do Plaintiffs identify a particular state or federal statute, state or federal rule, or even common-law standard of care beyond the general standard of reasonableness. Nor do Plaintiffs identify even one possible standard in their supplemental memorandum in opposition to these renewed motions to dismiss. Instead, Plaintiffs pivot to argue that the Court should not apply *Butler* to this case because "the Plaintiffs['] petition herein does not make the same allegations of any NAT[A] threshold that served [as] the basis of the … Fifth Circuit[']s decision in *Butler* that the Plaintiff failed [to] allege a duty against Denka and DuPont."[31] Even putting to one side the fact that the Fifth Circuit noted that Butler "disclaim[ed]

---

[27] *Id.* at 78.
[28] *Id.* at 80.
[29] *Id.* at 81-82.
[30] *Id.* at 86.
[31] R. Doc. 94 at 11 (referencing the National Air Toxics Assessment, *i.e.,* NATA, the EPA released in December 2015, which suggested an acceptable risk exposure threshold for chloroprene of .2 micrograms per cubic meter, and which the district court in *Butler* concluded was an insufficient basis to allege a specific duty because it was "less than a federal regulation" and not an "absolute risk measure" of toxicity, 16 F.4th at 433, 444).

any reliance" on that threshold on appeal, *Butler*, 16 F.4th at 444, Plaintiffs have failed to identify *any* specific standard of care on which to base a legally cognizable duty, notwithstanding their express recognition (as reflected in their quotation of this part of the *Butler* opinion) that "[w]hile Louisiana law does impose a 'universal duty' on defendants in a negligence action to use 'reasonable care,' plaintiffs are still required to assert a 'specific standard' of care."[32]  Given Plaintiffs' failure to identify any specific standard of care in this case, *Butler* requires dismissal of Plaintiffs' remaining negligence claims.

### D. Strict Liability Claims

In their supplemental opposition, Plaintiffs appear to anticipate this Court's determination that *Butler* requires dismissal of their negligence (and pre-1996 custodial liability) claims. Consequently, they place great stock in their pre-1996 strict liability claims. But, as "a claim for 'strict' liability requires that a duty of care was breached, just as a negligence claim does," *id.* at 443, the holding in *Butler* likewise mandates dismissal of all claims for strict or custodial liability. Plaintiffs, however, state that this holding in *Butler* applies only to post-1996 strict liability claims, so their pre-1996 strict liability claims survive. Not so. In *Board of Commissioners v. Tennessee Gas Pipeline Co.*, a case which both the *Butler* decision and Plaintiffs cite, the Fifth Circuit explained:

> Under Louisiana law, a claim for strict liability requires that a duty of care was breached, just as a negligence claim does. There is essentially no difference between the two types of claim under Louisiana law, and to the extent any difference existed [before 1996], that difference was only that recovery on a theory of strict liability before 1996 did not require that the defendant had knowledge of its breach of duty. Because the [plaintiff] Board has not stated a claim that Defendants owed it a duty of care, its strict liability claim fails along with its negligence claim.

---

[32] *Id.* at 444-45, *quoted in* R. Doc. 94 at 10.

850 F.3d 714, 729 (5th Cir. 2017) (footnotes omitted).[33] To the extent that the Plaintiffs challenge the accuracy of the Fifth Circuit's statement of Louisiana law,[34] this Court has neither the authority nor the inclination to accept or join any such challenge. It is the law of this circuit and the law of this state that Plaintiffs' claims – both for negligence and for strict liability – require the showing of a specific standard of care which forms a legally cognizable duty. Plaintiffs have not, and seemingly cannot, do so. Therefore, their strict liability claims, too, must be dismissed.

### E. Claim for Injunctive Relief

Plaintiffs also seek an injunction "barring Denka from causing or allowing unreasonably dangerous emissions, from the PWF, of chloroprene or other HAPs."[35] The *Butler* court did not address Butler's request for injunctive relief directly but affirmed the district court's dismissal of all claims against Denka, which included a denial of injunctive relief.[36] As a matter of law, dismissal of claims under Rule 12(b)(6) also results in a denial of injunctive relief: "Injunctive relief is unavailable on the claims dismissed under Rule 12(b)(6) because of the lack of an underlying cause of action." *Lucky Tunes #3, L.L.C. v. Smith*, 812 F. App'x 176, 184 (5th Cir. 2020).

Regardless, Plaintiffs have not demonstrated entitlement to injunctive relief. Requests for injunctive relief are evaluated under a familiar four-factor test:

---

[33] For the proposition that Louisiana law requires a duty of care for a strict liability claim, as for a negligence claim, the Fifth Circuit in *Board of Commissioners* cited to a pre-1996 decision of the Louisiana supreme court, *id.* at 729 n.52, quoting that court's observation: "In essence, the only difference between the negligence theory of recovery and the strict liability theory of recovery is that the plaintiff need not prove the defendant was aware of the existence of the 'defect' under a strict liability theory." *Oster v. Dep't of Transp. & Dev.*, 582 So. 2d 1285, 1288 (La. 1991).

[34] *See* R. Doc. 94 at 6 ("First, in deciding whether the Plaintiff sufficiently plead a Louisiana strict liability claim, federal courts must apply the applicable **Louisiana** substantive law, not federal case law.") (emphasis in original).

[35] R. Doc. 1-1 at 92. The term "HAPs" stands for hazardous air pollutants.

[36] *See Butler v. Denka Performance Elastomer, LLC*, 2020 WL 2747276, at *15 (E.D. La. May 27, 2020) ("Additionally, absent a plausible substantive claim, the plaintiff's request for injunctive relief, just like the request for monetary damages, must be dismissed. There are simply no claims remaining for the plaintiff to pursue the extraordinary remedy of an injunction.") (citation omitted).

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiffs have made no such demonstration and have hardly even attempted to do so. Plaintiffs' supplemental memorandum makes no reference to injunctive relief,[37] and even Plaintiffs' original opposition to these motions makes only this bare assertion in favor of their request: "The Petition alleges greatly increased risk of cancer and other illness, fear of cancer and other illness, and loss of normal enjoyment and use of property (house and land), and that those injuries continue at present and will continue in the future indefinitely. That's irreparable injury."[38] Assuming, *arguendo*, that Plaintiffs have shown irreparable injury, Plaintiffs make no showing, in their complaint or elsewhere, that any of the remaining three factors are met. Their request for an injunction does not (1) consider whether monetary damages would be adequate to compensate for the complained-of injuries, (2) attempt to calculate any potential hardships to Denka, or (3) so much as speculate as to whether the public interest would be served by an injunction. The claim for injunctive relief must be denied.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the defendants' motions to dismiss (R. Docs. 37 and 40) are GRANTED and all claims against defendants DuPont Performance Elastomers, LLC, E.I. DuPont de Nemours and Company, and Denka Performance Elastomer LLC are hereby DISMISSED WITH PREJUDICE.[39]

---

[37] *See generally* R. Doc. 94.
[38] R. Doc. 41 at 17.
[39] Given Plaintiffs' inability to demonstrate any legally cognizable duty in their briefing after express direction from the Fifth Circuit to do so, the Court finds that it would be futile to allow leave to amend.

New Orleans, Louisiana, this 9th day of August, 2022.

                                                                            _____
                                                                            BARRY W. ASHE
                                                                            UNITED STATES DISTRICT JUDGE